IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HUGO JORGE SANCHEZ CRUZ**, | Case No. 6:25-cv-1799-SI |
| Plaintiff, | |
| v. | **ORDER** |
| **DR. KAREN HARRIS**, *Oregon State Prison Chief Medical Provider*, **DR. WARREN ROBERTS**, *F.A.A.N.S. Oregon Department of Corrections Medical Director*, and **KIMBERLY HENDRICKS**, *SCI Superintendent*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Hugo Jorge Sanchez Cruz is an adult in custody of the Oregon Department of Corrections ("ODOC"). He is currently in custody at the Snake River Correctional Institution, but while housed at Santiam Correctional Institute ("SCI"), Plaintiff fell and suffered untreated injuries in both his legs that form the basis of this lawsuit. Plaintiff has sued Kimberly Hendricks, the superintendent at SCI during when he fell, and Drs. Karen Harris and Warren Roberts, ODOC employees who Plaintiff alleges were responsible for his medical treatment, for violating the Eighth Amendment by failing to provide him adequate medical care in deliberate indifference to his serious medical needs. Now before the Court are Defendants' motions to dismiss the lawsuit

PAGE 1 – ORDER

under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF 16 and 17.[1] Plaintiff's lawsuit is barred by the doctrine of claim preclusion (also called *res judicata*) because he filed a lawsuit in 2024 about the same accident against the same defendants, or defendants who have the same interests as those previously named defendants. The Court therefore construes the motions to dismiss as motions for summary judgment and grants them.

Before evaluating the merits of the motions, the Court construes the motions to dismiss as motions for summary judgment. "[D]ismissal for res judicata must satisfy the requirements of Rule 56" of the Federal Rules of Civil Procedure because that doctrine requires the Court to look to "records of earlier cases." *Ellingson v. Burlington N., Inc.*, 653 F.2d 1327, 1330 (9th Cir. 1981), *superseded on other grounds as stated in PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 n.3 (9th Cir. 2007); *see also Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1441-42 (9th Cir. 1990) ("A summary judgment motion brought pursuant to Fed. R. Civ. P. 56(c) is a proper way to establish claim preclusion and issue preclusion.").

In connection with their arguments that Plaintiff's claims are barred by claim preclusion, Defendants ask that the Court take judicial notice of a prior lawsuit filed by Plaintiff in federal court. "A court may take judicial notice of complaints and briefs filed in another case to determine what issues were before the court and actually litigated." *See Dauven v. U.S. Bancorp*, 390 F. Supp. 3d 1262, 1269 (D. Or. 2019); *see also United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."). The

---

[1] Defendant Roberts also moves to join Defendants Harris and Hendricks' Reply to Plaintiff's Motion to Dismiss (ECF 23) filed April 27, 2026. *See* ECF 24. This motion is granted. To the extent that the motion is legally and factually applicable to Roberts, the rulings of the Court will apply to Roberts.

PAGE 2 – ORDER

Court grants Defendants' request and takes judicial notice of the existence of the following lawsuit: *Cruz v. ODOC Medical*, 6:24-cv-1672-MO (D. Or., filed Oct. 1, 2024) ("*Cruz I*"). With the benefit of the judicially noticed lawsuits and relevant pleadings, the Court analyzes whether claim preclusion applies.

When "the decision to be given preclusive effect was rendered by a federal court exercising federal-question jurisdiction, federal common law determines whether preclusion applies." *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1021 (9th Cir. 2019) (citing *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)). Under federal common law, claim preclusion applies if the first lawsuit "(1) involved the same 'claim' or cause of action as [the second], (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Id.* at 1020-21 (quoting *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005)); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). For the identity of claims element, "[i]t is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). In other words, "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra*, 322 F.3d at 1078.

The first element to claim preclusion is met. Plaintiff filed *Cruz I* on October 1, 2024. In that lawsuit, Plaintiff alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment against ODOC, Dr. Harris, and Dr. Roberts. Plaintiff alleged that, while he was housed at SCI, he fell while walking down the stairs and injured his left knee. *Cruz I, see* ECF 2 at 4-5. Plaintiff felt a snap on one of his ligaments and, when he hit the bottom of the

PAGE 3 – ORDER

stairs, he twisted his ankle. *See id.* Plaintiff's Complaint in this action asserts claims for violations of his Eighth Amendment right to be free from cruel and unusual punishment against Dr. Harris, Dr. Roberts, and Kimberly Hendricks. These claims arise out of the same nucleus of operative facts as the claims in the prior federal lawsuit.[2] ECF 1 at 1-4. Plaintiff's Complaint in this action asserts that he "was moving to go to lunch during the mealtime movement at SCI, as he was walking down the stairs, he slipped on a step which was wet," and then "fell forward . . . causing his legs to go in different directions and his left knee 'hyperextending' or 'bending' in an unnatural manner." *Id.* at 6. Plaintiff states that he "suffered a hyperextended knee, and torn ligament on his right ankle." *Id.*

The second element of claim preclusion is also met. *Cruz I* was dismissed with prejudice on December 18, 2024. *Cruz I*, ECF 8. "The dismissal of [an] action with prejudice constitutes a final judgment on the merits." *Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 689 n.4 (9th Cir. 2019) (quoting *Int'l Union of Operating Eng'rs-Emps. Constr. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993)).

Lastly, the third element of claim preclusion is met. In *Cruz I*, Plaintiff named Dr. Harris and Dr. Roberts as defendants. The only current defendant not previously named is Kimberly Hendricks, who is an employee of ODOC (a previously named defendant). "[T]here is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that

---

[2] In *Cruz I*, Plaintiff alleged that his injury occurred in October 2023. In the present case, Plaintiff alleges that the injury occurred "on or about October 2022 to November 2022." ECF 1 at 5. According to Plaintiff, this discrepancy is a scrivener's error. In Plaintiff's statement of undisputed facts, he states: "*Defendants are correct*, in the statement that they submit[t]ed arguing that plaintiff[ ] fail[ed] to file on time and *that a second claim under the same facts was filed*." ECF 22 at 19 ¶ 1 (emphases added).

PAGE 4 – ORDER

party and another officer of the government." *Fund for Animals, Inc. v. Lujan,* 962 F.2d 1391, 1398 (9th Cir. 1992) (quoting *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940)); *see also Tahoe-Sierra*, 322 F.3d at 1081 ("Even when the parties are not identical, privity may exist if 'there is substantial identity between parties, that is, when there is sufficient commonality of interest.'" (quoting *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)). Applying that principle in *Romero*, Judge Jones of this District found that there was privity between an ODOC doctor sued for actions he took in his official capacity and two other ODOC doctors sued in an earlier lawsuit for their treatment of the same injury. *See Romero v. Vargo*, 2012 WL 1758571, at *3 (D. Or. May 15, 2012). The court reasoned that privity existed between the prior suit and current suit because "all named defendants were either named in the 2007 action or have been ODOC employees." *Id.* (citing *Fund for Animals*, 962 F.2d at 1398). Here, because Hendricks is an employee of ODOC, she is in privity with that previously named defendant.

Because Plaintiff's claims are barred by the doctrine of claim preclusion, the Court construes the motions to dismiss (ECF 16 and 17) as motions for summary judgment and GRANTS them.

**IT IS SO ORDERED.**

DATED this 6th day of May, 2026.

/s/ *Michael H. Simon*　　　
Michael H. Simon
United States District Judge

PAGE 5 – ORDER